## D. W. LUHA and WM. HOLT *vs.* A. FERNANDEZ JR.

### EXCEPTIONS TO RULINGS OF JUDD, C. J.

### APRIL TERM, 1885.

JUDD, C. J.; McCULLY and AUSTIN, JJ.

After death of decedent, his widow put Luha on the land to plant and cultivate a crop of kalo on shares; the land was sold to pay debts of decedent.

Held that Luha was not estopped to claim his half of the kalo from the purchaser of the land, if the purchaser was not misled by representations of Luha to suppose he was buying the crop; and that the widow, if she did not consent to the sale of the land with the crop, is not estopped to claim her dower in the proceeds.

Exceptions overruled.

### OPINION OF THE COURT, BY JUDD, C. J.

THIS is an action to recover the value of a certain crop of kalo planted on a parcel of land at Kapalama, Honolulu, Oahu, belonging to the estate of W. Mahuia Austin, deceased. After his death his widow, now the wife of William Holt, plaintiff, put Luha (the other plaintiff) on it to plant and cultivate a crop of kalo on shares. The land was sold by the administrator, under license from the Court, to pay decedent's debts. The land was put up by the auctioneer with the crop of kalo and was bought by defendant. The widow did not release her dower.

The verdict of the jury was for plaintiff Luha $200 damages and for Mr. Holt $66 66.

The case comes to us on exceptions from a refusal to grant a new trial on the ground that the verdict is contrary to the evidence.

An estoppel was claimed against the plaintiffs. The Court charged the jury that Luha was not estopped to claim his half of the crop of kalo from the purchaser of the land if he understood from conversations with Luha the exact circumstances of the case. If Fernandez was misled by misrepresentations of Luha to suppose that he was buying the crop, then he was estopped. The law as laid down by the Court is not excepted to. There was evidence which went to the jury that Luha had told Fernandez all the facts in reference to his planting and cultivating the crop, and so he did not act in ignorance. So, in respect to the Holt claim for one-third of the other half of the crop, the Court held that if Mrs. Holt, prior to her marriage, had consented to the sale of the property with the crop, they would be estopped to claim it now. The testimony on this point was conflicting, but there was evidence upon which the jury were entitled to find as they did.

We therefore overrule the exceptions.

*C. W. Ashford*, for Luha.

*Kinney & Peterson*, for Holt,

*A. Rosa*, for defendant.

Honolulu, June 15, 1885.